STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**
**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **M.B., B.B., and B.F.**

**No. 20-0777** (Jackson County 19-JA-71, 19-JA-72, and 19-JA-73)

**MEMORANDUM DECISION**

Petitioner Mother K.C., by counsel Ryan M. Ruth, appeals the Circuit Court of Jackson County's August 31, 2020, order terminating her parental rights to M.B., B.B., and B.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix record. The guardian ad litem ("guardian"), Erica Brannon Gunn, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion to extend her post-adjudicatory improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2019, the DHHR filed a child abuse and neglect petition alleging that petitioner exposed the children to domestic violence and that her substance abuse negatively affected her ability to parent the children. According to the DHHR, B.B. disclosed to personnel at his elementary school that his step-grandfather "chokes him around the neck and pushes him

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

against the wall."[2] B.B. also disclosed that his step-grandfather "chokes him almost daily if [the child] does not listen" and B.B. was carried through the house by his neck on one occasion. Further, B.B. disclosed that he told petitioner about these events, and she told him not to tell anyone. The DHHR alleged that M.B. confirmed B.B.'s disclosures and added that petitioner had witnessed the abuse but would not take action "because she ha[d] no where else to live." Finally, the DHHR alleged that petitioner had noticeable signs of substance abuse and that she abused Subutex, for which she did not have a prescription. Petitioner waived her preliminary hearing.

Petitioner stipulated to the allegations of abuse and neglect in November of 2019, and the circuit court adjudicated her as an abusing parent. Thereafter, petitioner moved for a post-adjudicatory improvement period, which the circuit court held in abeyance. The court ordered that the parties convene for a multidisciplinary treatment ("MDT") meeting and that the DHHR prepare a family case plan. The circuit court further ordered petitioner to participate in a parental fitness evaluation. The circuit court later granted petitioner's motion for a post-adjudicatory improvement period in December of 2019.

In April of 2020, the circuit court entered an agreed order continuing petitioner's initial improvement period review. The court noted that petitioner had been incarcerated "for much of her improvement period and ha[d] been unable to participate in services."[3] On May 22, 2020, the guardian filed a motion to revoke petitioner's improvement period and to terminate her parental rights. The guardian alleged that petitioner was released from incarceration on April 27, 2020, and had not complied with services since her release. The guardian alleged that as of May 19, 2020, petitioner had not contacted her parenting classes provider.

In June of 2020, the circuit court convened for petitioner's initial improvement period review hearing. The court found that petitioner had been released from incarceration but had not engaged in services through the DHHR. The parties moved to continue petitioner's review hearing to hold an MDT meeting, which the circuit court granted. Prior to the continued review hearing, petitioner filed a motion to extend her post-adjudicatory improvement period, alleging that she had complied with services for two months of her six-month improvement period and that an extension to that improvement period would not impair the DHHR's ability to achieve permanency for the children.

The circuit court held a dispositional hearing in July of 2020 and heard testimony from multiple DHHR workers and petitioner. The circuit court continued the hearing to allow for additional testimony. Later, by agreed order, the circuit court cancelled the continued hearing, which had been designated for a final review of petitioner's improvement period. The parties agreed that all relevant evidence had been presented to the circuit court with the exception of a

---

[2]According to the record, the State of West Virginia pursued criminal charges against the step-grandfather as a result of the children's disclosures.

[3]It is unclear from the record or the briefing on appeal why petitioner was incarcerated.

report from petitioner's parenting class provider. The parties further agreed that the report could be submitted as evidence to the court.

In August of 2020, the circuit court entered the final dispositional order that granted the guardian's motion to revoke petitioner's post-adjudicatory improvement period and to terminate her parental rights to the children. In support, the circuit court found that prior to petitioner's term of incarceration, she had only participated in parenting classes. Following petitioner's release from incarceration, petitioner "did not immediately start or resume services." The circuit court found that petitioner had not complied with a substance abuse evaluation or domestic violence victim impact classes. In regard to these services, petitioner testified that the service provider had not received a referral from the DHHR, but petitioner's case worker testified that the referral had been sent to the provider on two separate occasions. The circuit court found that petitioner had failed to comply with random drug screening until June of 2020 and, since that time, she had missed two appointments. Petitioner testified that she did not have transportation to get to these appointments. However, the court noted that petitioner also testified that she "never failed to get transportation to the Suboxone clinic [near the drug testing facility] or to pick up [her] prescription [for Suboxone]." Significantly, petitioner had not visited with the children since the filing of the petition due to her failure to comply with random drug screening. Finally, the circuit court found that the proceedings had been "emotionally traumatic" for M.B. and B.B., that both children required therapy, and that neither desired to return to petitioner's care.

The circuit court concluded that it could not find that petitioner had "substantially complied with" the terms of her improvement period and further found that she had not demonstrated a likelihood to fully participate in an additional improvement period. The court concluded that petitioner had not made sufficient improvement to justify the return of the children and that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Petitioner now appeals the circuit court's August 31, 2020, order that terminated her parental and custodial rights to the children.[4]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply

---

[4]The children's respective fathers have had their parental rights terminated. According to the parties, the permanency plan for M.B. and B.B. is adoption in their current placement, and the permanency plan for B.F. is adoption by relatives.

because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred when it did not find that her incarceration through the majority of her post-adjudicatory improvement period was sufficient grounds for an extension. Petitioner "does not dispute that at the time of [the dispositional hearing in July of 2020] she had not adequately improved the conditions of abuse and/or neglect." However, she asserts that her failure to improve was a direct result of being unable to participate in services due to her incarceration. According to petitioner, the circuit court should have granted her motion "to get a better sense of whether she could make sufficient improvements in her parenting." We find petitioner is entitled to no relief on appeal.

West Virginia Code § 49-4-610(6) governs extensions to improvement periods and provides that

> [a] court may extend any improvement period . . . for a period not to exceed three months when the court finds that the respondent has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child[ren].

*See also* Syl. Pt. 7, *In re Isaiah A.*, 228 W. Va. 176, 718 S.E.2d 775 (2010) (holding that the circuit court must make the findings specified in West Virginia Code § 49-4-610(6) prior to granting an extension of an improvement period).

Here, the circuit court did not err in denying petitioner's motion for an extension of her improvement period due to her failure to comply with the terms and conditions of that improvement period. Although we acknowledge that petitioner was incarcerated for a portion of her six-month improvement period, she also failed to comply with services following her release from incarceration.[5] In essence, petitioner was available to participate from May of 2020 through the dispositional hearing in July of 2020, but she only participated in parenting classes during

---

[5] We note the facts of this case are distinguishable from *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011), wherein this Court set forth factors for circuit courts to consider when no "circumstances other than incarceration are raised at a dispositional hearing" as cause to terminate a parent's parental rights. *Cecil T.*, 228 W. Va. 89, 91, 717 S.E.2d 873, 875, syl. pt. 3, in part. In this case, petitioner's nonparticipation in the services offered by the DHHR after her release from incarceration was a compelling circumstance, other than her incarceration during the proceedings, to terminate her parental rights.

that time. As the circuit court found, petitioner failed to participate in a substance abuse evaluation and domestic violence victim's impact classes, which were both critical to resolving the conditions of abuse and neglect. Furthermore, petitioner only partially participated in random drug screenings, and that participation was not consistent enough for her to be granted visitation with the children. While petitioner argues that she should have been granted additional time due to her inability to participate in services, that is simply not the statutory standard when considering an extension to an improvement period. The record supports the circuit court's finding that petitioner had not substantially complied with the terms of her improvement period, and she does not challenge that finding on appeal. Accordingly, we find petitioner is entitled to no relief.

Additionally, we note that petitioner assigns error to the circuit court's termination of her parental rights. However, petitioner's brief on appeal is inadequate in regard to this assignment, both in terms of complying with this Court's rules and in terms of attempting to establish this alleged error by the circuit court. Specifically, petitioner fails to cite to a single legal authority that would entitle her to relief, which is in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.[6] As this Court has held, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted).

Even more critically, petitioner fails to argue that the circuit court's findings of fact upon which termination was based were erroneous. Accordingly, petitioner is precluded from any relief on appeal by failing to identify any alleged error on the part of the circuit court in imposing termination of her parental and custodial rights. Nevertheless, upon our review, we find that the circuit court had ample evidence upon which to base findings that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(c)(6), circuit courts may terminate parental and custodial rights upon these findings. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that termination of parental rights, "the most drastic remedy" in abuse and neglect cases, may be employed "when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected"). Petitioner's failure to cite to any evidence or authority supporting her position is fatal to her claim, and we find that she is entitled to no relief.

---

[6]Rule 10(c)(7) provides as follows:

The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 31, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 20, 2021


**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

6